L. M. Keel et al. *v.* J. T. Jones et al.

[59 South. 90.]

Guardian and Ward. *Settlement of guardian. Effect. Estoppel.*

　Where the lands of a minor were sold for partition under an invalid sale and the share of the minor in the proceeds turned over to the guardian of the minor and accounted for by him and where on the minor becoming of age, the guardian filed his final account and the minor filed a request that the account be approved and the guardian be discharged, acknowledging the receipt of a full settlement and accounting of all moneys coming into the hands of the guardian, the minor was thereby estopped from thereafter questioning the validity of the sale of the lands for partition as against *bona fide* purchasers for value.

APPEAL from the chancery court of Harrison county. HON. T. A. WOOD, Chancellor.

Suit by L. M. Keel et al. against J. T. Jones et al. From a judgment for defendants, complainants appeal.

This suit was begun by five complainants, the children of W. S. Keel, and its purpose was the cancellation of certain deeds executed by the widow of said W. S. Keel and mother of complainants. Prior to the execution of these deeds, the court had ordered a partition sale of the property of W. S. Keel, deceased, and at this sale his widow purchased the land from the commissioner appointed by the court, and afterwards sold it to various parties. Three of the children of W. S. Keel, deceased, were of age at that time, and consented to the proceedings. Two others, to wit, Loren M. Keel and Maggie Keel Elmer, were minors. On a former trial of this cause a demurrer was interposed by the appellees, and sustained as to the three complainants who were adults at the time of the partition sale, and overruled as to these two appellants here. See *Keel* v. *Jones,* 93 Miss. 244, 47 South. 385.

Afterwards these two appellants answered, and the case proceeded to hearing on the evidence; the court finding for defendants. On the trial it was shown that Loren M. Keel had executed and acknowledged a receipt in the following language, to wit: "State of Mississippi, Harrison County. I, Loren M. Keel, do hereby waive notice of citation of final account filed by my mother and guardian, Maria A. Keel, on the —— day of ——, A. D. ——, and do consent and request that the said account be approved and passed, hereby acquitting my said guardian in full on account of said guardianship. Witness my signature this 27th day of December, A. D. 1893. Loren M. Keel."

The chancellor, in reviewing the final account of Mrs. Maria A. Keel, gurdian, entered a decree discharging her, which decree recited: "There coming on for final

hearing the final account of Mrs. Maria A. Keel, guardian of the personal estate of Loren M. Keel, formerly a minor, who has now attained his majority, and the court having inspected the release and acquittance given by said ward since the attainment of his majority, and finding therefrom that said guardian has fully accounted to her said ward for all and singular the property," etc., "it is therefore ordered . . . that said Maria A. Keel be discharged," etc. This decree was signed February 7, 1894.

On February 22, 1897, the final account of the guardian as to Maggie A. Keel came on for hearing, and her receipt, in the following language, was produced: "I, Maggie A. Keel, having attained the full age of majority, and being now more than twenty-one years of age, do hereby acknowledge to have received of my guardian a full settlement and accounting of all the moneys which came through her hands as my guardian, and I do hereby release and acquit the said Maria A. Keel of any and all demands arising on account of said guardianship, No. 447 of the docket of the chancery court of Harrison county, Mississippi, and I waive notice of the presentation of her final accounting and consent to her discharge. Witness my signature this 9th day of January, A. D. 1897. Mrs. W. J. Elmer, born Maggie Keel." The court, upon the hearing, entered a similar order, reciting the receipt in full and acquittance of said guardian.

On the hearing of the instant case, the chancellor, in findings for the defendants, entered a decree which recited "that the decree and sale for partition . . . was, in the opinion of the court, invalid and void, but that the complainants herein, to wit, Loren M. Keel and Maggie Keel, by signing a release and discharge of their guardian, Mrs. Maria A. Keel, whose accounts as guardian of said complaints disclosed receipts by said guardian of the *pro rata* shares of said complainants of the

proceeds arising from the sale of lands described in the bill in this case, and also in the partition suit aforesaid, have estopped themselves to complain of the invalidity of said partition sale as against the defendants, whom the court finds to be innocent purchasers for value of the lands in controversy, and who acquired said lands under the assumption that said Loren Keel and Maggie Elmer had, by releasing their said guardian, ratified the said partition sale.''

*W. R. Harper,* for appellants.

The facts in this case are unlike those of any other case that we know of. Here the instigator of the void partition suit was the purchaser at the sale, and afterwards became the guardian. These minors received no money directly from the sale, and after they became of age, simply gave a release of the money to the guardian, who happened to be the purchaser at the sale. The lawyer who examined the title for the subsequent purchasers, knew all the facts about the partition sale, for he was one and the same, and these purchasers not only had full notice from the records, but the knowledge of their lawyers who examined the titles for them, will by law be imputed to them. Thus we see, that the records in this case fully disclose that the sale was void; the lawyer who examined the titles for the subsequent purchasers knew all the facts that the records disclosed which made the sale void, and the minors only acquitted the guardian, not by receiving money, but merely by giving an acquittance to her as guardian, and not by a receipt for money from a wholly independent sale. We are not aware of any case where an estoppel has been held to exist under such circumstances. Certainly no case cited by counsel goes so far as to support such contention.

We ask this court to read all the facts of the case, and we believe that you will be convinced that the land of

these two minors ought to have been set aside to them in kind, and if it had been, that they would have had their property fully preserved to them, and we do not believe that this court will seek to strain the doctrine of estoppel, so far as to prevent them from securing their rights against purchasers who knew, or else ought to have known from the records and from the facts within their knowledge, that this sale was unauthorized and void.

Therefore, we say that the court below erred in applying the doctrine of ratification or estoppel in the instant case as against these two minors, who did absolutely nothing but acquit their mother from a liability to account to them at a time when they did not know their rights in the premises.

*Ford, White & Ford,* for appellants.

. The giving receipts in satisfaction of the distributive shares to the guardian of the appellants had the effect of ratifying this sale and of the deed made by Mrs. Keel to Douville.

It is respectfully insisted by the appellees that it is immaterial whether this partition proceeding was valid or invalid, in view of the fact that after appellants arrived at age they accepted from their mother the proceeds of the sale, or at least placed conspicuously of record receipts, or acquittances, which stated that they had done so, and so far as the appellees are concerned these receipts, or acquittances, are absolutely binding.

An acceptance by the heir, or ward, after obtaining majority, of the purchase money of land sold under a void decree, is a confirmation of the sale in the sense and to the extent of working an estoppel in equity against an assertion of the legal title. See *Handy* v. *Nooman,* 51 Miss. 166; *Young* v. *Walker,* 70 Miss. 813; *Temples* v. *Cain,* 60 Miss. 845; *Jones* v. *Smith,* 33 Miss. 268; *Scott* v. *Freeland,* 7 S. & M. 409.

The proof in this case shows conclusively that irrespective of what might have been the intention of appellants in signing the receipts, or acquittances, to their guardian, that their acts or conduct in reference to that matter was not only such as was calculated to mislead another person, but it actually did mislead the appellees in this case, and aside from the rule announced in the above Mississippi cases, and which apply directly to the facts in this case, the following authorities maintain the proposition that a person would be estopped to assail a title under circumstances disclosed in this record.

An estoppel *in pais* arises when one, by his conduct or representations, induces another to believe certain facts to exist with reference to a transaction between them, and such other person relies and acts thereon in the belief that such representations are true, and to such an extent that to permit a denial of the truth of the facts would prejudice him. See *Western Land Ass'n* v. *Banks,* 83 N. W. 192, 80 Minn. 317.

To constitute an estoppel by conduct, there must be, first, an admission inconsistent with the evidence proposed to be given or the claim offered to be set up; second, an action by the other party upon such admission, and third, an injury to him by allowing the admission to be disproved. See *Bramell* v. *Adam,* 146 Mo. 70, 47 S. W. 931.

Where a man so conducts himself that a reasonable man would take the act to be true, and believe that it was made to be acted on, the party doing the act will be precluded from contesting its truth. See *Lydrick* v. *Gill,* 94 N. W. 109, 68 Neb. 272.

Where one by his conduct induces another to act on the supposition that certain conditions exist, he will not be heard to deny their existence, where the other would be prejudiced by such denial. See *Anthes* v. *Schroder,* 1033 N. W. 1072, 74 Neb. 172.

When a party with full knowledge, or at least with sufficient notice or means of knowledge of his rights, and of all material circumstances of the case, freely and advisedly does anything which amounts to the recognition of a transaction, or acts in a manner inconsistent with its repudiation, or freely and advisedly abstains for a considerable lapse of time from impeaching it, there is acquiescence, and the transaction, although originally impeachable, becomes unimpeachable in equity. See *Mann* v. *Peck*, 45 W. Va. 18, 30 S. E. 206.

If acts and declarations were voluntary and calculated to mislead, and actually have misled another acting in good faith, it is sufficient to constitute an estoppel, although there was no intention on the part of the person making the declarations or doing the acts at the time to mislead the person induced to rely thereon. See *Deering* v. *Schreyer*, 97 N. Y. S. 14.

WHITFIELD, C.

We have given the facts in this case repeated and critical examination, and the result is that we are satisfied the chancellor was correct in holding the appellants estopped by the facts disclosed by the record.

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is affirmed

*Affirmed.*